# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEY ALAN YAMADA,<br><br>Defendant. | No. 2:17-CR-00151-TOR-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION GRANTED**<br>**(ECF No. 42)** |

At Defendant's November 6, 2017, detention review hearing, Defendant was present, in custody, with counsel Christian Phelps. Assistant U.S. Attorney Patrick J. Cashman appeared for the United States. Both sides presented argument. U.S. Probation Officer Jennifer Frieling was also present.

Defendant argues that the new information, namely a verified release address and the resolution of the pending warrants referenced in the first Pretrial Services report, ECF No. 31, has a material bearing on the issue of whether or not release conditions can be fashioned for Defendant pursuant to 18 U.S.C. § 3142(f).

The Court has reviewed Defendant's motion to reconsider its earlier detention ruling, ECF No. 42, the Supplemental Pretrial Services Report, ECF No. 41, and the argument of counsel.

The United States argued that Defendant's criminal record and the nature of the evidence in the instant case still warrant detention. The government also pointed out that Defendant has made phone calls from jail, but forthrightly acknowledged that the purpose or content of the calls was not known. The United States also advised that co-defendant, Theresa Yamada, had, through counsel, expressed concerns about contact with Defendant.

ORDER - 1

Defendant argued that the proposed release address was legitimate and vetted, and that the warrants referenced in the initial Pretrial Services Report had been resolved. Defense counsel also pointed out that, while another Spokane County warrant had since become active and would become operative upon this court's release order, counsel had arranged for the warrant to be quashed upon Defendant appearance in Spokane County Superior Court, thereby releasing Defendant to the address indicated, under the conditions set forth below.

The Court also noted that most if not all of Defendant's prior convictions consist of traffic offenses, that Defendant has family members in Spokane, and that he is a long-time resident of Spokane.

Therefore, **IT IS ORDERED**, that the release of the Defendant is subject to the following:

### STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## ADDITIONAL CONDITIONS OF RELEASE

**(14)** Defendant shall remain in the Eastern District of Washington while the case is pending. By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(16)** Avoid all contact, direct or indirect, with known felons or Co-Defendant(s). Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(18)** Refrain from any use of alcohol.

**(20)** There shall be no firearms in the home where Defendant resides.

### SUBSTANCE ABUSE EVALUATION AND TREATMENT

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program.

**If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.**

*PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status, and maintain adequate contact with defense counsel.

**(24)** **Substance Abuse Evaluation**: Defendant shall participate in a substance abuse evaluation if directed to do so by Pretrial Services, and shall complete any recommended treatment. Pretrial Services shall determine the evaluation and schedule.

(27) **Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

### HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

(28) Defendant shall participate in one or more of the following home confinement program(s):

**Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office,

*OR,* **GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office,

*AND,* **Curfew**: Defendant shall be restricted to his/her residence every day from 6:00 p.m. to 6:00 a.m.

**(31) Other**: Defendant shall have no contact or communication with co-defendant Theresa Yamada.  This prohibits contact that is direct or indirect, whether in person or in writing, or by electronic or any other means, whether or not such contact is initiated by Defendant.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to insure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED November 7, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE