UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:17-CR-0151-TOR-1 |
|---|---|
| Plaintiff/Respondent, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW 28 U.S.C. § 2255 MOTION |
| JOEY ALAN YAMADA, | |
| Defendant/Petitioner. | |

BEFORE THE COURT is Petitioner's Motion to Withdraw[ ] 28 U.S.C. § 2255. ECF No. 164. Also pending is Petitioner's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF Nos. 149, 150. The Court—having reviewed the motion to withdraw and the full record, and files therein—is fully informed. Neither the United States nor Petitioner's appointed counsel oppose the motion to withdraw.

## BACKGROUND

Petitioner filed a Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF Nos. 149, 150. The United States

ORDER GRANTING MOTION TO WITHDRAW § 2255 MOTION ~ 1

filed its response to Petitioner's 28 U.S.C. § 2255 motion. ECF No. 158. Thereafter, the Court issued an order for the appointment of counsel. ECF No. 162. Attorney Geana M. Van Dessel was appointed as counsel for Petitioner. ECF No. 163. Shortly thereafter, Petitioner, acting on his own, filed a motion to Withdraw his § 2255 motion. ECF No. 164. Petitioner explained that "after excessive research into case law" he "wishes to withdrawal (sic) his Motion to vacate, set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255". *Id.* at 1. Petitioner's dispute concerns the execution of a search warrant whereby the state involved Federal officers. *Id.*

Neither the United States nor Petitioner's appointed counsel have filed a response or opposition to the motion to withdraw.

## DISCUSSION

"[A]n unconditional guilty plea, without a Rule 11(a)(2) reservation, constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings, including a motion to suppress." *United States v. Lopez–Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.") (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); see also *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012).

Here, Petitioner concedes that his Federal Rule of Criminal Procedure 41 (search) argument "is fruitless" and he wishes to withdraw his motion. ECF No. 164 at 1.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Petitioner's Motion to Withdraw[ ] 28 U.S.C. § 2255 Motion, ECF No. 164, is **GRANTED**. Both ECF Nos. 149 and 150 are withdrawn and terminated.

2. The United States Attorney's Office shall cancel Mr. Yamada's transport back to Spokane for a hearing and return him to the Bureau of Prisons custody.

3. Appointed Counsel Geana M. Van Dessel is now discharged as counsel of record. Counsel shall submit a voucher for her services in the CJA eVoucher system.

4. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is directed to enter this Order and provide copies to the parties. This file and the corresponding civil file shall be **CLOSED**.

**DATED** March 17, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING MOTION TO WITHDRAW § 2255 MOTION ~ 3